1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **ETEROS TECHNOLOGIES USA, INC.; and AARON MCKELLAR, a citizen of Canada,** ) | |
| ) | |
| **Plaintiffs,** ) | **Case No.  25-181** |
| ) | |
| *v.* ) | |
| ) | **COMPLAINT FOR** |
| **UNITED STATES OF AMERICA;** ) | **DECLARATORY RELIEF** |
| ) | **AND REVIEW OF** |
| **UNITED STATES DEPARTMENT OF** ) | **AGENCY ACTION UNDER** |
| **HOMELAND SECURITY, a department of the U.S.** ) | **THE ADMINISTRATIVE** |
| **Government;** ) | **PROCEDURE ACT** |
| ) | |
| **UNITED STATES CUSTOMS AND BORDER** ) | <u>**Administrative Procedure**</u> |
| **PROTECTION, an agency of the U.S. Department of** ) | <u>**Act Case;**</u> |
| **Homeland Security;** ) | <u>**Immigration Case**</u> |
| ) | |
| **HARMIT S. GILL, in his Official Capacity as the** ) | **No Request for Jury Trial** |
| **Area Port Director of United States Customs and** ) | |
| **Border Protection for Blaine, Washington.** ) | |
| ) | |
| **Defendants.** ) | |

COMPLAINT

NEVILLE PETERSON LLP
701 FIFTH AVE., STE. 4200-2159
SEATTLE, WA 98104-4089
(206) 905-3648

## I.    INTRODUCTION AND SUMMARY OF ACTION

Plaintiffs, ETEROS TECHNOLOGIES USA, INC., and AARON MCKELLAR (collectively, "Plaintiffs"), by and through undersigned counsel, for their Complaint in this matter against Defendant, UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; and HARMIT S. GILL, in his Official Capacity as the Area Port Director of United States Customs and Border Protection for Blaine, Washington (collectively, "Defendants"), do hereby state, plead, and allege as follows:

1.    Plaintiffs bring this action to challenge the unlawful and retaliatory actions of Defendants, including the issuance of an expedited removal order (ERO) against Plaintiff Aaron McKellar under the Immigration and Nationality Act (INA) § 212, 8 U.S.C. § 1182, the revocation of McKellar's trusted traveler NEXUS membership, and accusations of aiding and abetting narcotics trafficking under 21 U.S.C. §§ 841, 1907, and INA § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C). These actions lack legal and factual support, contravene binding precedent, and violate Plaintiffs' constitutional rights under the Due Process Clause.

2.    Defendants' actions are in direct conflict with *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), which held that cannabis-related merchandise is lawful and exempt from federal prohibitions when imported into states where possession of cannabis paraphernalia is legal. *See* 21 U.S.C. § 863(f)(1). Despite the *Eteros* precedent, Defendants have targeted Plaintiffs with baseless allegations of narcotics trafficking and deprived them of procedural safeguards required by law.

3.    Plaintiffs seek declaratory relief to vacate the ERO and entry ban, restore McKellar's NEXUS membership, and enjoin Defendants from engaging in further retaliatory

COMPLAINT

actions. Plaintiffs also request judicial affirmation that Defendants exceeded their statutory authority, acted arbitrarily and capriciously under the Administrative Procedure Act (APA), and violated McKellar's constitutional rights.

## PARTIES

4.      Plaintiff Eteros Technologies USA, Inc. is a Washington corporation with its U.S. headquarters in Las Vegas, Nevada. Eteros specializes in manufacturing, importing, and distributing agricultural machinery, including cannabis-related equipment exempt from federal prohibitions under 21 U.S.C. § 863(f)(1). *See Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022).

5.      Plaintiff Aaron McKellar is a Canadian citizen and the CEO of Eteros USA. McKellar holds a valid L-1A visa, allowing him to travel to the United States to oversee Eteros' U.S. operations. His leadership is critical to Eteros' U.S. business activities.

6.      Defendant, United States of America, is the federal defendant in this action. The actions complained of herein were undertaken by its agency U.S. Customs and Border Protection, which is a component of the U.S. Department of Homeland Security.

7.      Defendant, United States Department of Homeland Security (DHS), is a cabinet department of the United States government responsible for immigration-related services, enforcement, and investigations. DHS oversees CBP and its implementation of federal law and policy with respect to immigration and admissibility determinations. The actions complained of herein were undertaken by U.S. Customs and Border Protection, which is a component of DHS.

8.      Defendant, United States Customs and Border Protection ("Customs" or "CBP"), is an agency of DHS, responsible for making admissibility determinations for merchandise and for foreign travelers, including overseeing the adjudication of immigration benefits.

9.      Defendant Harmit S. Gill is the Area Port Director for CBP in Blaine, Washington. Director Gill supervised and approved the unlawful actions challenged in this case. He is sued in his official capacity.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1361, and 5 U.S.C. §§ 702 and 706, as this action arises under the Constitution, the INA, and the APA.

11.     Venue is proper under 28 U.S.C. § 1391(e) and 5 U.S.C. § 703 because Plaintiffs reside in this District, and the actions giving rise to the claims occurred in this District, including the issuance of the ERO and revocation of McKellar's NEXUS membership.

## FACTUAL BACKGROUND

12.     Eteros is a leader in agricultural technology, manufacturing cannabis-related equipment such as trimmers and extractors. These products are specifically authorized under state law in jurisdictions that have legalized cannabis, rendering Eteros' merchandise exempt from federal prohibitions under 21 U.S.C. § 863(f)(1). *See Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022).

13.     McKellar, Eteros' CEO, plays an indispensable role in the company's operations. His responsibilities include strategic oversight, product development, customer relations, employee training, and compliance with U.S. regulations.

14.     In 2022, the U.S. Court of International Trade ("CIT") issued a landmark decision in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313. The court held that cannabis-related merchandise is lawful under 21 U.S.C. § 863(f)(1) when imported into states where possession of cannabis paraphernalia is legal. The CIT's decision affirmed that state authorization of persons to engage in 21 U.S.C. § 863(f)(1) conduct (*i.e.,* possession, distribution,

COMPLAINT

*or* manufacture of "drug paraphernalia"), exempts such merchandise from all federal prohibitions otherwise attendant thereto.

15.    The *Eteros* decision underscores that when the 21 U.S.C. § 863(f)(1) exemption applies, none of the provisions under § 863 are enforceable, meaning there can be no violations of § 863(a). *See Eteros*, 592 F. Supp. 3d at 1321 ("[T]he court agrees that '[t]here can be no question that subsection (f)'s use of the word 'section' refers to the entirety of 21 U.S.C. § 863,' Pl.'s Br. at 20, such that when the (f)(1) exemption is implicated, none of the provisions under section 863 … apply.").

16.    No other federal statute prohibits or penalizes the possession, distribution, or importation of "drug paraphernalia" outside of 21 U.S.C. § 863.

17.    The month following the *Eteros* decision, in *Keirton, Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022), the CIT reaffirmed the interpretation of § 863 announced in *Eteros*, again concluding that cannabis-related "drug paraphernalia" imported into states that have legalized cannabis and authorized the conduct contemplated by § 863(f)(1) is exempt from § 863's prohibitions and penalties.

18.    Defendants did not appeal either the *Eteros* or *Keirton* decisions to the United States Court of Appeals for the Federal Circuit.

19.    Instead, Defendant CBP issued several binding Customs Rulings pursuant to 19 U.S.C. § 1625 acknowledging the broad applicability of these CIT decisions. *See Customs Headquarters Ruling HQ H327540* (March 7, 2024) (confirming that cannabis-related merchandise "destined for states that have legalized cannabis may be exempted under 21 U.S.C. § 863(f)(1)." (emphasis added)). By regulation, Customs Rulings "represent[] the official position of the Customs Service with respect to the particular transaction or issue described therein and

COMPLAINT

[are] binding on all Customs Service personnel in accordance with the provisions of this section until modified or revoked." 19 C.F.R. § 177.9(a). The holding in *HQ H327540* thus precludes CBP from treating activities deemed lawful under § 863(f)(1) as *per se* violations of other federal drug laws in Title 21.

## <u>MCKELLAR'S ATTEMPT TO ENTER THE US FOR PERSONAL REASONS</u>

20.     On October 4, 2024, McKellar attempted to enter the United States for personal reasons, unrelated to his L-1A visa work authorization. CBP officers detained him at the Blaine, Washington port of entry and interrogated him at length about Eteros' operations and the CIT litigation that Eteros had brought against CBP (and won).

21.     The CBP Officers actions demonstrate a retaliatory intent to harass and penalize McKellar for Eteros' legal success in *Eteros Technologies USA Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022) (confirming that Eteros' cannabis-related equipment is entirely lawful under 21 U.S.C. § 863(f)(1) because Eteros and its employees are "person[s] authorized" under state law to possess, distribute or manufacture cannabis-related merchandise).

22.     McKellar provided ample information supporting his admissibility into the United States and the judicially resolved legality of Eteros' operations, namely, that his company was operating a legitimate U.S. business which had resulted in the granting of his L-1A work authorization on two prior occasions, the most recent of which was granted after the *Eteros* litigation was finished, demonstrating Defendants' familiarity with the company and the settled admissibility of its executives when determining his L-1A eligibility.

23.     CBP Officers made several inappropriate comments during their encounter with McKellar indicative of highly inappropriate and unlawful motives, such as "Your customers should buy from an American company," and "buy from an American citizen." McKellar noted

COMPLAINT

1

2

in response that Eteros USA is an American company and that it employs U.S. citizens and pays U.S. taxes.

3

4

24.    CBP officers insisted on taking a formal statement. McKellar informed the officers that he would not be providing further information for a sworn statement, and requested to withdraw his application for admission, and return to Canada. *See* 8 U.S.C. § 1225(a)(4) (permitting withdrawal of application for admission "at any time").

5

6

7

8

25.    CBP officers denied McKellar's request to withdraw his application for admission, and proceeded with conducting a sworn statement.

9

10

26.    CBP officers summarily concluded that McKellar is "knowingly and intentionally contributing to the proliferation of the marijuana industry in the United States," and issued an expedited removal order against McKellar. *See* Expedited Removal Order, Exhibit A. The purported justification for the ERO was INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(C), which relates to insufficient documentation (but this was not the true justification for the ERO).

11

12

13

14

15

16

27.    The removal order included a five-year entry ban and warnings that any attempt to re-enter the U.S. would lead to felony prosecution and imprisonment.

17

18

28.    CBP officers also revoked McKellar's NEXUS membership and confiscated his NEXUS membership card.

19

20

29.    CBP officers have not, to date, taken any action to revoke or rescind McKellar's L-1A visa work authorization.

21

22

23

## MCKELLAR REQUESTS RECONSIDERATION OF ERO BY DEFENDANTS CBP AND DIRECTOR GILL

24

30.    Under 8 CFR § 103.5, an affected party may seek reopening or reconsideration of a proceeding, decision, or action.

25

26

27

28

COMPLAINT

31.    On October 16, 2024, McKellar submitted a formal request for reconsideration of the ERO with Defendant, CBP Area Port Director for the Port of Blaine, Director Harmit Gill, pursuant to 8 C.F.R. § 103.5(a) (hereinafter, the "Reconsideration Request" (Exhibit B)). The Reconsideration Request sought specific relief from Defendants CBP and Director Gill, namely a determination that CBP officers exceeded their authority in placing McKellar into Expedited Removal Proceedings on October 4, 2024, when he was travelling for personal reasons; vacatur of the expedited removal order against McKellar, rescission of the five-year ban imposed against McKellar which prevents him from lawfully reentering the U.S.; and vacatur of the rescission of McKellar's NEXUS membership.

## CBP DENIES RECONSIDERATION REQUEST

32.    On November 12, 2024, Defendants CBP and Port Director Gill refused to reconsider or vacate the ERO issued against McKellar, denying the Reconsideration Request but entirely shifting CBP's justification for the ERO. *See* Exhibit C ("Denial Determination"). As suspected, Defendants' statutory justification for the ERO had nothing to do with INA § 212(a)(7) grounds of insufficient documentation, but relied on a wholly unsupported accusation that Plaintiffs Eteros and McKellar are somehow "aiding and abetting the narcotics trafficking of marijuana in the United States," in violation of 21 U.S.C. §§ 841 and 1907. Director Gill's Denial Determination, Exhibit C, provides (emphasis added):

> Under the regulations and definitions contained within Title 21, the petitioning entity, Eteros Technologies USA, Inc., and the beneficiary, Mr. McKellar, are encouraging, promoting and assisting in the production of marijuana for the purpose of distributing and dispensing and thus, are aiding and abetting the narcotics trafficking of marijuana in the United States in violation of 21 USC 841.
>
> In the lawsuit Eteros Technologies USA, Inc. v, United States argued before the United States Court of International Trade (CIT), the petitioning entity stipulated for the purpose of the litigation that the merchandise which they were importing into the United States for distribution to their customers, satisfies the federal

COMPLAINT

statutory definition of "drug paraphernalia". While the ruling in this lawsuit was in favor of Eteros Technologies USA, Inc., it did not determine their business was outside the scope of federally illegal marijuana production, it simply granted them an exemption from the importation prohibitions in Title 21 USC 863. This ruling solely addressed the import restrictions associated with marijuana drug paraphernalia. 21 USC 863, and in particular, 21 USC 863(f), has no basis on the federal legality or immigration consequences pertaining to an individual's involvement in the marijuana industry by a noncitizen. By stipulating that their products are drug paraphernalia, Eteros Technologies USA, Inc. has demonstrated that they are knowingly and intentionally contributing to the proliferation of the marijuana industry in the United States and are therefore in violation of 21 USC 841. The CIT is a court of limited jurisdiction and lacks authority to set precedent over U.S. immigration law. The CIT ruling does not form a basis to argue that Mr. McKellar is admissible in states that have legalized marijuana.

Based on the aforementioned, Mr. McKellar is inadmissible under section 212(a)(2)(C)(i) of the INA.

33.    Defendants' claim that McKellar is involved in violations of 21 U.S.C. §§ 841 and 1907 is wholly unsupported and relies entirely on the facts and stipulations in *Eteros Technologies USA Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), and nothing more.

34.    CBP's own actions in granting McKellar L-1A work authorization on multiple occasions, including after the CIT decision, affirm that CBP previously found no basis or "reason to believe" his conduct was unlawful. The absence of any facts or allegations against Eteros undermines Defendants' assertion that a "reason to believe" finding that Plaintiffs are aiding and abetting narcotics trafficking is now warranted. Similarly, the legality of operations involving 21 U.S.C. § 863(f)(1) exempted conduct is wholly resolved in Eteros' favor. *See Eteros Technologies USA Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022); *Keirton, Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022); *Customs Headquarters Ruling HQ H327540* (March 7, 2024).

COMPLAINT

**HARM TO PLAINTIFFS**

35.    The harms to Plaintiffs are direct, concrete, and particularized, threatening the company's viability, finances, operational stability, and ability to conduct lawful business in the United States. Specific harms to Plaintiffs include:

    a.   Exclusion of Key Personnel: Eteros relies on Canadian executives and employees, including McKellar, for critical U.S. business functions. McKellar's five-year entry ban deprives Eteros of essential leadership and oversight. The exclusion of other Canadian employees, such as Amanda James on wholly unsupported narcotics-related allegations, further cripples Eteros' U.S. operations.

    b.   Threat of Prosecution for U.S. Employees: Defendants' claim that state-authorized cannabis activities constitute "aiding and abetting narcotics trafficking" under 21 U.S.C. §§ 841, 1907, and INA § 212(a)(2)(C) exposes Eteros' U.S. employees to potential criminal liability, deterring recruitment, retention, and workforce stability.

    c.   Travel Ban and ERO Threat for Canadian Employees: Defendants' actions create fears of travel bans, expedited removal orders, and threatened criminal prosecution for Canadian employees, disrupting cross-border operations and impairing Eteros USA's competitiveness and collaboration with its Canadian counterpart, Eteros Canada.

    d.   Financial and Reputational Damage: Eteros faces significant financial losses from disrupted operations, delayed orders, and damaged market reputation due to Defendants' baseless narcotics trafficking allegations, eroding customer trust and deterring business partners.

COMPLAINT

e.  Legal and Compliance Costs: Defendants' retaliatory conduct forces Eteros to bear substantial legal and compliance expenses, including litigation and navigating contradictory interpretations of 21 U.S.C. §§ 841, 863(f)(1), 1907, and INA § 212(a)(2)(C). *See Eteros Technologies USA Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022); *Keirton, Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022); *Customs Headquarters Ruling HQ H327540* (March 7, 2024); Denial Determination, Exhibit C.

f.  Risk of Business Termination: Defendants' actions, including personnel restrictions and liability threats, jeopardize Eteros' viability and ability to operate in the U.S., risking collapse of its operations and irreparable harm.

g.  Broader Industry Impact: Defendants' actions create regulatory uncertainty, penalizing lawful cannabis-related activities exempt under § 863(f)(1). This undermines federal-state statutory balance, deters lawful commerce, and has a chilling effect on future litigants, discouraging challenges to unlawful CBP actions.

36.  Absent judicial intervention, Plaintiffs will continue to suffer irreparable harm, including the loss of its U.S. operations, customers, profitability, market position, and reputation. These harms warrant relief from this Court to prevent further injury and ensure compliance with applicable statutory, judicial, and constitutional protections.

## **CAUSE OF ACTION**

## **COUNT I: Violation of the Administrative Procedure Act (5 U.S.C. § 706(2)(A), (C))**

37.  Plaintiffs reallege and incorporate herein all prior allegations.

38.  The Administrative Procedure Act, 5 U.S.C. § 706(2), authorizes courts to hold unlawful and set aside agency actions that are arbitrary, capricious, an abuse of discretion, or

COMPLAINT

otherwise not in accordance with law, § 706(2)(A), or in excess of statutory jurisdiction, authority, or limitations, § 706(2)(C).

39.    Courts retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review whether CBP's interpretation and application of INA § 212(a)(2)(C) comport with statutory and constitutional requirements.

40.    The shift in Defendants' justification for issuing the ERO—initially citing INA § 212(a)(7) (Exhibit A), then substantively relying on INA § 212(a)(2)(C) in the Denial Determination (Exhibit C)—was designed to shield their actions from judicial review, depriving Plaintiffs of meaningful procedural protections and opportunities to be heard by an immigration judge.

41.    The expedited removal order issued against McKellar under INA § 212(a)(7) (documentation deficiencies) was substantively grounded in allegations under INA § 212(a)(2)(C) (aiding and abetting narcotics trafficking). This procedural sleight-of-hand was arbitrary, capricious, and contrary to law for several reasons:

    a.    <u>Misuse of Expedited Removal Procedures</u>: INA § 235(b)(1) limits expedited removal to individuals inadmissible under INA §§ 212(a)(6)(C) (fraud/misrepresentation) or 212(a)(7) (documentation deficiencies). Allegations under INA § 212(a)(2)(C) require formal removal proceedings under INA § 240, including a hearing before an immigration judge. Defendants exceeded their statutory authority by applying expedited removal procedures to allegations outside the statutory scope of INA § 235(b)(1).

    b.    <u>Failure to Reconcile with Binding Precedent</u>: Defendants disregarded *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade

COMPLAINT

2022), which held that cannabis-related equipment is entirely lawful, licit, and exempt from federal prohibitions under 21 U.S.C. § 863(f)(1). Defendants' denial of McKellar's admissibility based on unsupported allegations under 21 U.S.C. §§ 841, 1907, and INA § 212(a)(2)(C) contradicts this binding precedent.

c. <u>Inconsistent Agency Action</u>: CBP granted McKellar L-1A work authorization on two prior occasions, including after the CIT's decision in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022). These prior L-1A approvals affirm that McKellar's activities and Eteros' business operations are lawful, licit, and do not constitute narcotics trafficking. Defendants' contradictory actions in issuing the ERO without new evidence violate the APA's prohibition on arbitrary and capricious agency conduct.

d. <u>Failure to Provide Credible Evidence</u>: The "reason to believe" standard under INA § 212(a)(2)(C) requires credible evidence of aiding and abetting narcotics trafficking under 21 U.S.C. §§ 841 and 1907. Defendants provided no evidence linking McKellar or Eteros to such activities, relying instead on speculative and conclusory assertions. This lack of evidentiary support renders the agency's actions arbitrary, capricious, and unlawful.

42.    As a direct result of Defendants' unlawful actions, Plaintiffs Eteros and McKellar have suffered irreparable harm, including the imposition of a five-year entry ban against McKellar, the revocation of Eteros executives' NEXUS memberships, reputational damages, and significant disruption to Eteros' business operations and McKellar's personal affairs.

COMPLAINT

43.    Defendants' actions exceeded their statutory authority, violated binding judicial precedent and agency rulings, and failed to meet the APA's requirement for reasoned decision-making. Plaintiffs are entitled to relief under 5 U.S.C. § 706(2)(A), (C).

**COUNT II: Violation of the Fifth Amendment (Due Process Clause)**

44.    Plaintiffs reallege and incorporate herein all prior allegations.

45.    The Fifth Amendment to the U.S. Constitution prohibits the government from depriving individuals of liberty or property without due process of law.

46.    Defendants violated McKellar's due process rights by issuing an expedited removal order based on INA § 212(a)(7) while substantively relying on allegations under INA § 212(a)(2)(C). These actions circumvented the procedural protections guaranteed by the INA and deprived McKellar of a meaningful opportunity to contest the allegations before an immigration judge as required by law.

47.    INA § 212(a)(2)(C) requires the issuance of a Notice to Appear and adjudication in formal removal proceedings before an immigration judge under INA § 240. By improperly using expedited removal procedures designed for INA §§ 212(a)(6) and (7), Defendants deprived McKellar of his statutory right to:

a.    Notice of the Charges: McKellar was not properly informed of the factual basis for the allegations under INA § 212(a)(2)(C), nor was he provided with an opportunity to address them.

b.    A Hearing Before an Immigration Judge: INA § 240 guarantees individuals accused under INA § 212(a)(2)(C) the right to a hearing to present evidence, challenge the government's allegations, and obtain judicial review.

COMPLAINT

c.   <u>Access to Counsel</u>: The expedited removal process limited McKellar's ability to consult with counsel and prepare a defense.

48.   Defendants violated McKellar's Fifth Amendment rights by issuing an expedited removal order based on § 212(a)(7), while subsequently asserting inadmissibility under § 212(a)(2)(C) without affording him the right to a hearing before an immigration judge, as required for § 212(a)(2)(C) determinations. Defendants misapplied expedited removal procedures under INA § 212(a)(7), which lack the procedural safeguards required for determinations under INA § 212(a)(2)(C). Allegations of aiding and abetting narcotics trafficking require the issuance of a Notice to Appear and the individual must be afforded a hearing before an immigration judge under 8 U.S.C. § 1229a.

49.   Defendants' actions further deprived Plaintiffs of meaningful notice and an opportunity to respond to the allegations, as the expedited removal process does not permit review of substantive inadmissibility claims under § 212(a)(2)(C).

50.   These procedural violations deprived Plaintiffs of their constitutionally protected rights to contest the basis for inadmissibility and to avoid the stigma, harms, and legal consequences of allegations under § 212(a)(2)(C).

51.   The use of expedited removal to evade judicial review of the INA § 212(a)(2)(C) allegations violated McKellar's constitutional rights to procedural due process and a fair hearing.

### COUNT III: Ultra Vires Action

52.   Plaintiffs reallege and incorporate herein all prior allegations.

53.   Under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C), courts are authorized to hold unlawful and set aside agency actions that are arbitrary, capricious, an abuse

COMPLAINT

of discretion, or otherwise not in accordance with law, or that are in excess of statutory jurisdiction, authority, or limitations.

54.    Defendants acted outside their statutory authority by issuing an expedited removal order against Plaintiff McKellar under INA § 212(a)(2)(C), which requires formal removal proceedings under INA § 240, including the issuance of a Notice to Appear and a hearing before an immigration judge, pursuant to 8 U.S.C. § 1229a.

55.    INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), explicitly limits expedited removal to individuals inadmissible under INA §§ 212(a)(6)(C) (fraud or misrepresentation), or 212(a)(7) (documentation deficiencies). Allegations under INA § 212(a)(2)(C) (aiding and abetting narcotics trafficking) are not eligible for expedited removal.

56.    By misapplying expedited removal procedures to allegations outside the scope of INA § 235(b)(1), Defendants exceeded their statutory authority and violated the procedural safeguards established under INA § 240.

57.    Defendants' issuance of the expedited removal order against McKellar constitutes an ultra vires action in violation of the APA, as it exceeded the statutory limitations set forth in INA § 235(b)(1) and 5 U.S.C. § 706(2)(A), (C).

58.    Plaintiffs have suffered concrete and particularized harms as a result of Defendants' unlawful actions, including a five-year entry ban imposed on McKellar, the revocation of McKellar's NEXUS membership, and significant financial and reputational harm and operational disruptions to Eteros USA.

59.    Plaintiffs are entitled to relief under 5 U.S.C. § 706(2)(A), (C), as Defendants' actions were unlawful, arbitrary, capricious, and *ultra vires* in excess of their statutory authority.

COMPLAINT

## COUNT IV: Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), (C): Arbitrary and Capricious Dual Treatment of Cannabis-Related Activities.

60.     Plaintiffs reallege and incorporate herein all prior allegations.

61.     CBP, through rulings such as *HQ H327540* (March 7, 2024), has indicated that companies may engage in the importation of cannabis-related merchandise pursuant to 21 U.S.C. § 863(f)(1) when persons, like Eteros, are authorized to engage in such activities by state law.

62.     At the same time, CBP has implemented a new policy asserting that individuals involved in these same cannabis-related activities, including executives and employees of companies lawfully importing merchandise under § 863(f)(1), are *per se* inadmissible to the United States under INA § 212(a)(2)(C) for engaging in illicit conduct constituting "aiding and abetting" narcotics trafficking under 21 U.S.C. §§ 841 and 1907.

63.     CBP's contradictory positions create significant legal and procedural issues. CBP was directed by the Court in *Eteros* to permit the importation and entry of cannabis-related merchandise under § 863(f)(1) but the agency disregarded that binding precedent by criminalizing, and threatening to further criminalize, companies and individuals for participating in the activities held lawful and exempt from prohibition by the U.S. Court of International Trade. *See HQ H327540* (March 7, 2024) (citing *Eteros Technologies USA Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022); *Keirton, Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022)). CBP's actions constitute arbitrary and capricious agency action.

64.     CBP's inconsistent actions violate the APA because they are arbitrary and capricious, as CBP fails to provide a reasoned explanation for its conflicting policies on cannabis-related activities under 21 U.S.C. § 863(f)(1) and 21 U.S.C. §§ 841, 1907, and INA § 212(a)(2)(C); and in excess of CBP's statutory authority under both 21 U.S.C. § 863 and INA § 212(a)(2)(C), as Congress has not authorized CBP to create conflicting standards.

65.     The failure to resolve this inconsistency or provide adequate justification for penalizing lawful cannabis-related activities renders CBP's actions unlawful under 5 U.S.C. § 706(2)(A), (C).

**COUNT V: Violation of the Administrative Procedure Act Rulemaking Requirements, 5 U.S.C. § 553, and 19 U.S.C. § 1625(c)**

66.     Plaintiffs reallege and incorporate herein all prior allegations.

67.     Under the Administrative Procedure Act, 5 U.S.C. § 553, federal agencies must engage in notice-and-comment rulemaking before adopting substantive changes to policy or practice.

68.     Additionally, 19 U.S.C. § 1625(c) imposes specific procedural requirements on U.S. Customs and Border Protection when modifying or revoking prior interpretive rulings or decisions. Specifically, § 1625(c) requires CBP to publish notice of any proposed modification or revocation in the Customs Bulletin, provide an opportunity for public comment, and issue a reasoned explanation before implementing the change.

69.     CBP's *Headquarters Ruling HQ H327540* (March 7, 2024) explicitly cites the *Eteros* and *Keirton* decisions and upholds the legality of importing cannabis-related equipment pursuant to 21 U.S.C. § 863(f)(1). This ruling represents CBP's established position on the lawfulness of Eteros' merchandise under federal law.

70.     By asserting that Eteros' lawful business activities under 21 U.S.C. § 863(f)(1) *per se* constitute "aiding and abetting narcotics trafficking" under 21 U.S.C. §§ 841, 1907, and INA § 212(a)(2)(C), Defendants effectively reversed *HQ H327540*. This policy shift reflects a substantive change in CBP's interpretation of 21 U.S.C. § 863(f)(1) and the admissibility of individuals associated with cannabis-related activities under INA § 212(a)(2)(C).

71.     Defendants failed to comply with 19 U.S.C. § 1625(c) by:

COMPLAINT

a.  Failing to Publish Notice: Defendants did not publish any notice of the proposed change to their interpretation of 21 U.S.C. § 863(f)(1) in the Customs Bulletin.

b.  Failing to Solicit Public Comment: Defendants deprived Plaintiffs and other stakeholders of an opportunity to comment on the proposed change.

c.  Lack of a Reasoned Explanation: Defendants failed to provide any explanation for their departure from *HQ H327540* or reconcile their new position with the CIT's binding decisions in *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022), and *Keirton, Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022).

72.    Defendants also violated the APA, 5 U.S.C. § 553, by failing to conduct notice-and-comment rulemaking before implementing a new policy that treats cannabis-related equipment as *per se* unlawful under 21 U.S.C. §§ 841, 1907, and INA § 212(a)(2)(C). This policy reversal represents a substantive rule change that cannot be imposed without adhering to APA requirements.

73.    Defendants' failure to comply with 19 U.S.C. § 1625(c) and 5 U.S.C. § 553 deprived Plaintiffs and the public of procedural protections and transparency, rendering their actions unlawful, arbitrary, and capricious.

74.    Plaintiffs are entitled to relief under 5 U.S.C. § 706(2)(A), (C), as Defendants' actions exceeded statutory authority, failed to follow procedural requirements, and are inconsistent with established law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and grant the following relief:

COMPLAINT

1. <u>Declaratory Relief</u>

    a.  Declare that the expedited removal order issued against Plaintiff Aaron McKellar is unlawful, arbitrary, capricious, an abuse of discretion, and not in accordance with the law, in violation of 5 U.S.C. § 706(2)(A), (C).

    b.  Declare that CBP exceeded its statutory authority by issuing an expedited removal order initially under INA § 212(a)(7) while substantively basing its determination on INA § 212(a)(2)(C), in violation of the Immigration and Nationality Act.

    c.  Declare that CBP's failure to provide McKellar with a meaningful opportunity to contest the allegations underlying the expedited removal order violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

    d.  Declare that CBP's policy of treating individuals involved in state-authorized cannabis-related activities as inadmissible under INA § 212(a)(2)(C) is arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act.

    e.  Declare that CBP's facilitation of cannabis-related imports under 21 U.S.C. § 863(f)(1) in *HQ H327540* (March 7, 2024) while simultaneously penalizing individuals involved in such activities as narcotics traffickers under 21 U.S.C. §§ 841, 1907, and INA § 212(a)(2)(C) constitutes arbitrary and capricious agency action and is inconsistent with the statutory framework of the Immigration and Nationality Act and the Controlled Substances Act.

    f.  Declare that Defendants' targeting of Plaintiffs, including the issuance of baseless accusations, the improper expedited removal order, and the revocation of McKellar's NEXUS membership, constitutes unlawful retaliation and an abuse of discretion in violation of the Administrative Procedure Act.

COMPLAINT

2.  <u>Injunctive Relief</u>

   a.  Enjoin Defendants from enforcing the expedited removal order issued against McKellar and immediately vacate and rescind the five-year entry ban imposed against him.

   b.  Enjoin Defendants from relying on INA § 212(a)(7) to insulate substantive determinations under INA § 212(a)(2)(C) from judicial review.

   c.  Enjoin Defendants from applying their new policy treating workers in the cannabis industry, including executives and employees of state-authorized cannabis-related businesses, as inadmissible under INA § 212(a)(2)(C) without compliance with the notice-and-comment requirements of the Administrative Procedure Act and 19 U.S.C. § 1625(c).

   d.  Enjoin Defendants from penalizing lawful state-authorized activities that are exempt from the Controlled Substances Act under 21 U.S.C. § 863(f)(1).

   e.  Enjoin Defendants from engaging in retaliatory actions against Plaintiffs, including unwarranted targeting of Eteros or its executives during immigration inspections or enforcement actions.

3.  <u>Vacatur</u>

   a.  Vacate the expedited removal order and the resulting five-year ban imposed on McKellar.

   b.  Vacate CBP's denial of McKellar's request for reconsideration.

   c.  Vacate Defendants' *de facto* policy of treating individuals involved in state-authorized cannabis-related activities as inadmissible under INA § 212(a)(2)(C).

4.  <u>Other Relief</u>

COMPLAINT

a. Order Defendants to reinstate McKellar's NEXUS membership, which was revoked unlawfully and arbitrarily.

b. Order Defendants to issue guidance or clarification consistent with the U.S. Court of International Trade's rulings, ensuring that individuals involved in lawful state-authorized cannabis-related activities are not arbitrarily treated as inadmissible under the Immigration and Nationality Act.

c. Order CBP to comply with its internal policies and procedural safeguards when making admissibility determinations involving INA § 212(a)(2)(C).

d. Require Defendants to comply with 19 U.S.C. § 1625(c) and the Administrative Procedure Act before modifying or revoking any prior interpretive rulings or policies regarding the admissibility of individuals or imports related to cannabis-related activities.

5. Attorney's Fees and Costs

a. Award Plaintiffs reasonable attorney's fees and costs under 28 U.S.C. § 2412 and any other applicable statute or regulation.

6. Further Relief

a. Grant such other and further relief as the Court deems just, equitable, and appropriate under the circumstances.

COMPLAINT

1

2   DATED this 29th day of January, 2025.

3

4   PRESENTED BY:        NEVILLE PETERSON LLP

5                         /s/ Richard F. O'Neill
                          Richard F. O'Neill, WSBA 43858
6                         NEVILLE PETERSON LLP
                          701 Fifth Ave., Ste. 4200-2159
7                         Seattle, WA 98104-4089
                          (206) 905-3648
8                         roneill@npwny.com

9
                          /s/ John M. Peterson
10                        John M. Peterson*
                          Patrick B. Klein*
11                        NEVILLE PETERSON LLP
                          One Exchange Plaza at 55 Broadway
12                        New York, NY 10006
                          (212) 635-2730
13                        jpeterson@npwny.com

14

15                        /s/ Douglas A. Cowgill
                          Douglas A. Cowgill, WSBA 44319
16                        CROSS BORDER VISAS, U.S. BUSINESS IMMIGRATION LAWYERS
                          808 Nelson Street Box 12148, 17th Floor
17                        Vancouver, BC, Canada, V6Z 2H2
                          (604) 689-8472
18                        dcowgill@crossbordervisas.com

19
                          *Counsel for Plaintiff Eteros Technologies USA, Inc. and*
20                        *Plaintiff Aaron McKellar*

21
                          *Pro Hac Vice Applications Forthcoming*
22

23

24

25

26

27

28

COMPLAINT                                          NEVILLE PETERSON LLP
                                                   701 FIFTH AVE., STE. 4200-2159
                                                   SEATTLE, WA 98104-4089
                                                   (206) 905-3648

**COMPLAINT EXIBITS**

| EXHIBIT LIST | |
|---|---|
| **Exhibit** | **Description** |
| **A** | Expedited Removal Order against Aaron McKellar (October 4, 2024). |
| **B** | Motion to Reconsider and Vacate the Expedited Removal Order against Aaron McKellar. |
| **B-1** | Form G-28, signed by the affected party, Aaron McKellar. |
| **B-2** | Copy of the Expedited Removal Order. |
| **B-3** | Aaron McKellar's prior L-1A approvals issued by USCIS |
| **B-4** | Legal memorandum from Eteros' trade counsel discussing the legality of the company's business activities. |
| **B-5** | *Eteros Technologies USA, Inc. v. United States*, 592 F. Supp. 3d 1313 (Ct. Int'l Trade 2022) |
| **B-6** | *Keirton USA Inc. v. United States*, 600 F. Supp. 3d 1270 (Ct. Int'l Trade 2022) |
| **B-7** | Customs Headquarters Ruling HQ H327540 of March 7, 2024 |
| **C** | CBP Area Port Director Harmit Gill Letter Denying Eteros Technologies USA, Inc. Motion Reconsider and Vacate the Expedited Removal Order against Aaron McKellar (November 12, 2024). |

COMPLAINT