1

The Honorable Kymberly K. Evanson

2

3     UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

4

5    ETEROS TECHNOLOGIES USA, INC.; and          Case No. 2:25-cv-00181-KKE
AARON MCKELLAR, a citizen of Canada,

6                                                **DEFENDANTS'**
Plaintiffs,                      **MOTION TO DISMISS**

7          v.
Noted for Consideration:

8    UNITED STATES OF AMERICA;                    May 19, 2025

9    UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, a department of the

10   United States government;

11   UNITED STATES CUSTOMS AND BORDER
PROTECTION, the United States Department of

12   Homeland Security;

13   HARMIT S GILL, Area Port Director, United
States Customs and Border Protection for Blaine,

14   Washington.

15                           Defendants.

16

17

18          Defendants, through their attorneys, respectfully move to dismiss Plaintiffs' Complaint

19   (Dkt.#1) with prejudice under Federal Rule of Civil Procedure 12(b)(1).   This Court lacks

20   jurisdiction to hear this case, where Plaintiffs challenge Aaron McKellar's ("McKellar") order of

21   expedited removal ("ER") from the United States issued by U.S. Customs and Border Protection

22   ("CBP"), an agency in the Department of Homeland Security ("DHS"), under 8 U.S.C.

23   § 1225(b)(1), because 8 U.S.C.§ 1252(a)(2)(A) expressly divests this Court of jurisdiction to hear

24   DEFENDANT'S MOTION TO DISMISS COMPLAINT          U.S. DEPARTMENT OF JUSTICE
[Case No. 2:25-cv-00181-KKE] - 1                  P.O. BOX 8789, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

any "claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)," other than as permitted by 8 U.S.C. § 1252(e), which is not applicable to this case.  *Id*.  This Court also lacks jurisdiction to review CBP's inadmissibility determination, and its discretionary decision to revoke McKellar's NEXUS membership.  8 U.S.C. § 1252(e)(5), 8 C.F.R. § 235.12(b)(2).  Finally, on April 21, 2025, CBP vacated McKellar's ER order, thus rendering his challenge to that order moot.  *See* Exhibit 1, attached hereto.

## BACKGROUND

### I.    LEGAL BACKGROUND

The Supreme Court has long recognized that Congress exercises "plenary power to make rules for the admission of aliens and to exclude those who possess those characteristics which Congress has forbidden."  *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972).  Pursuant to that longstanding doctrine, "an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982).  Foreign nationals applying for admission at the border thus lack any constitutional due process rights with respect to admission: "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."  *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). It is not within the province of any court, unless expressly authorized by law, to review [that] determination.  *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950).

### A.    CBP Screenings at Ports of Entry ("POE")

Every person who arrives in the United States is subject to inspection.  *See United States v. Flores-Montano*, 541 U.S. 149, 152 (2004).  More relevant for this case is the principle that foreign nationals seeking admission to the United States are subject to CBP inspection by law

DEFENDANT'S MOTION TO DISMISS COMPLAINT
[Case No. 2:25-cv-00181-KKE] - 2

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 8789, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

1   and carry the burden of demonstrating their admissibility into the United States. *See* 8 U.S.C.

2   § 1225(a)(3); *see also* 8 U.S.C. § 1361 ("Whenever any person makes application for a visa or

3   any other document required for entry, or makes application for admission, or otherwise attempts

4   to enter the United States, the burden of proof shall be upon such person to establish that he is

5   eligible to receive such visa or such document, or is not inadmissible under any provision of this

6   chapter, and, if an alien, that he is entitled to the nonimmigrant, immigrant, special immigrant,

7   immediate relative, or refugee status claimed, as the case may be…. [N]or shall such person be

8   admitted to the United States unless he establishes to the satisfaction of the [CBP officer] that he

9   is not inadmissible under any provision of [the Immigration and Nationality Act ("INA")].").

10      After arriving at a POE from abroad, CBP officers inspect each foreign national

11  requesting admission under 8 U.S.C. § 1225.  The INA defines the term "admission" to mean

12  "the lawful entry of the alien into the United States after inspection and authorization by an

13  immigration officer." 8 U.S.C. § 1101(a)(13)(A); *see also* 8 C.F.R. § 235.1 (setting forth

14  inspection procedures); *Hing Sum v. Holder*, 602 F.3d 1092, 1096 (9th Cir. 2010) (discussing the

15  definition). Aliens who have not been admitted after inspection are deemed to be applicants for

16  admission.  These "inspections" by CBP may include "primary" or "secondary" inspections, but

17  the distinction between "primary" and "secondary" is one of nomenclature—"secondary

18  inspection is no less a matter of course and no less routine than the primary inspection." *United

19  States v. Galloway*, 316 F.3d 624, 629 (6th Cir. 2003).  Primary inspection has been described as

20  a "cursory screening."  *Id*.  In contrast, secondary inspection occurs when further information is

21  required from an alien and the individual is taken aside at the port of entry for further

22  questioning.  *Id*.

23

24

**B. Expedited Removal**

In 1996 Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), replacing much of the INA with a new and "comprehensive scheme for determining the classification of … aliens," *Camins v. Gonzales*, 500 F.3d 872, 879 (9th Cir. 2007), including expedited removal.  IIRIRA was passed to create a uniform "removal" procedure. *Id*; *see also Vartelas v. Holder*, 566 U.S. 257, 261–62 (2012).  Aliens arriving in the United States or present in the United States without having been admitted are now "applicants for admission," *id.*, § 1225(a)(1), and generally aliens "seeking admission" who fail to "clearly and beyond a doubt" demonstrate an entitlement "to be admitted," may be detained for a removal proceeding pursuant to 8 U.S.C. § 1229a.

Congress intended for ER proceedings to ensure that the Executive can both "expedite removal of aliens lacking a legal basis to remain in the United States," *Kucana v. Holder*, 558 U.S. 233, 249 (2010); *see* S. Rep. No. 104-249 (1996), and deter individuals from exposing themselves to dangers associated with illegal immigration, H.R. Rep. No. 104-469, pt. 1, at 117 (1996).  ER is one of the critical tools for dealing with the "crisis at the land border, allowing hundreds of thousands of illegal aliens to cross each year[.]"  *Id.* at 107.  Congress was concerned that "the lack of detention space and overcrowded immigration court dockets" would cause many arriving aliens lacking valid entry documents to be "released into the general population, never to return for removal hearings.  *Id.* at 117.  Congress thus conferred sizable authority to Executive officers while limiting judicial review to "expedite the removal from the United States of aliens who indisputably have no authorization to be admitted to the United States, while providing an

DEFENDANT'S MOTION TO DISMISS COMPLAINT
[Case No. 2:25-cv-00181-KKE] - 4

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 8789, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

1    opportunity for such an alien who claims asylum to have the merits of his … claim promptly

2    assessed[.]" H.R. Rep. No. 104-828, at 209-10 (1996).

3          The amended INA thus precludes judicial review of ER orders.  *See* 8 U.S.C.

4    § 1252(a)(2)(A)(i).  It provides, without exception, that "no court shall have jurisdiction to

5    review ... the application of [8 U.S.C. § 1225(b)(1)] to individual aliens, including the

6    determination made under section 1225(b)(1)(B) of this title."  8 U.S.C. § 1252(a)(2)(A)(iii); *see*

7    *Singh v. Barr*, 982 F.3d 778, 782 (9th Cir. 2020) ("Judicial review of an [ER] order, including

8    the merits of a credible fear determination, is thus expressly prohibited by § 1252(a)(2)(A)(iii).").

9    It provides for no judicial review, "except as provided in subsection (e)."  8 U.S.C.

10   §§ 1252(a)(2)(A)(i), (ii), (iv).

11         The statute then provides—"in subsection (e)"—for review in habeas corpus of three

12   discrete questions that are not asserted here.  8 U.S.C. § 1252(e)(2); *Garcia de Rincon v. Dep't of*

13   *Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir. 2008) ("The avenues for review provided by

14   8 U.S.C. § 1252(e) are strictly limited[.]").  Specifically, such review is available, "but shall be

15   limited to determinations of—(A) whether the [plaintiff] is an alien, (B) whether the [plaintiff] was

16   ordered removed under such section, and (C) whether the [plaintiff] can prove" that they have been

17   lawfully admitted as a lawful permanent resident ("LPR"), asylee, or refugee. 8 U.S.C.

18   § 1252(e)(2).  Under this summary-removal mechanism, foreign nationals without valid entry

19   documentation or who make material misrepresentations shall be "order[ed] ... removed from the

20   United States without further hearing or review unless the alien indicates either an intention to

21   apply for asylum under [8 U.S.C. § 1158] or a fear of persecution."  8 U.S.C. § 1225(b)(1); *see id.*

22

23

24   DEFENDANT'S MOTION TO DISMISS COMPLAINT
     [Case No. 2:25-cv-00181-KKE] - 5

1  §§ 1182(a)(6)(C), (a)(7); *accord DHS v. Thuraissigiam*, 591 U.S. 103, 108–13 (2020) (discussing

2  expedited removal).

3  **II.    FACTUAL BACKGROUND**

4       Plaintiff Eteros Technologies USA, Inc.'s ("Eteros") United States Headquarters is in Las

5  Vegas, Nevada.   Dkt. #1 at p.2, ¶ 4.   Eteros "specializes in manufacturing, importing, and

6  distributing agricultural machinery, including cannabis-related equipment exempt from federal

7  prohibitions under 21 U.S.C. § 863(f)(1)."   *Id*.   McKellar is a Canadian citizen and the Chief

8  Executive Officer ("CEO") of Eteros.   Dkt. #1 at p. 2, ¶ 5.   McKellar holds a L-1A visa, which

9  allowed him to travel to the United States to oversee his business operations at Eteros.   *Id*.

10       On October 4, 2024, McKellar attempted to enter the United States at the Blaine,

11  Washington POE for personal reasons using his NEXUS membership card.   Dkt. #1 at p. 6, ¶ 20;

12  Dkt. #1 at p. 12.   In an effort to ascertain McKellar's admissibility, CBP officers asked McKellar

13  about the nature of Eteros' business activities, including its involvement with illegal narcotics.

14  Dkt. #1 at p. 12.   McKellar answered some questions before a CBP officer directed him to

15  secondary inspection for further questioning.   *Id*.

16       During his secondary inspection, CBP officers attempted to ask additional questions, but

17  McKellar indicated that he would not be providing further information for a sworn statement, and

18  he requested to withdraw his application for admission.   Dkt. #1 at p. 7, ¶ 24; Dkt. #1 at p. 2-13.

19  The CBP officers proceeded to fill out the sworn statement, noting specifically when McKellar did

20  not wish to answer a question or make a statement.   Dkt. #1 at p. 6-9.   At the end of the interview,

21  McKellar refused to sign the documents CBP prepared to reflect the encounter.   Dkt. #1 at p. 3.

22       CBP concluded that McKellar failed to meet his burden of establishing admissibility and

23  served him with a determination of inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I), for not

24  DEFENDANT'S MOTION TO DISMISS COMPLAINT
[Case No. 2:25-cv-00181-KKE] - 6

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 8789, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

1    being in possession of a valid entry document, at the time of admission.  Dkt. #1 at p. 2; *see* 8

2    U.S.C. § 1229a(c)(2).  On that basis, CBP notified McKellar that he was subject to expedited

3    removal from the United States under 8 U.S.C. § 1225(b)(1), stating that he "refused to answer

4    necessary questions in order to determine [his] admissibility." Dkt. #1 at p. 2.  The ER order bars

5    McKellar's reentry into the United States for five years.  *Id*.  CBP officers also revoked McKellar's

6    NEXUS membership and took his card.  Dkt. #1. at p.7, ¶ 28.

7         McKellar, though his attorney, later submitted a formal request to reconsider and vacate

8    the ER. Dkt. #1 at 8, ¶ 31.  CBP denied the request and stated that McKellar is inadmissible under

9    INA Section 212(a)(2)(C)(i); 8 U.S.C. § 1182(a)(2)(C)(i),[1] due to the involvement of Eteros in the

10   production of marijuana and the proliferation of the marijuana industry, which results in reason to

11   believe  that  employees  of  the  organization  are  engaged  in  narcotics  trafficking  and  are

12   inadmissible under INA Section 212(a)(2)(C)(i), 8 U.S.C. § 1182(a)(2)(C)(i).  Dkt. #1,  Ex. C, at

13   p. 1-2.  CBP also rejected Eteros' claim that *Eteros Technologies USA, Inc. v. United States*, 592

14   F. Supp. 3d 1313 (Ct. Int'l Trade 2022), a case decided by the United States Court of International

15   Trade and specifically focused on the importation of goods into the United States, rather than the

16   admissibility of individuals, formed a basis for McKellar's admissibility.  Dkt. #1, Ex. C, at 2.

17        Plaintiffs filed the instant Complaint on January 29, 2025, seeking judicial review of the

18   ER against McKellar and CBP's decision to revoke McKellar's NEXUS membership. Dkt. #1. at

19   p. 2-4, ¶¶ 1-3, 10; Dkt. #1 at p. 19-22 (Prayer for Relief), ¶¶ 1-4.  Specifically, Plaintiffs asserted

20   that CBP's inadmissibility determination "lack[ed] legal and factual support" and thus they asked

21

22   ───────────────
     [1] 8 U.S.C. § 1182(a)(2)(C)(i) provides that a consular officer knows or has reason to believe that petitioner "is or has
     been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 or title 21), or
23   is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking . . . ."

24   DEFENDANT'S MOTION TO DISMISS COMPLAINT              U.S. DEPARTMENT OF JUSTICE
     [Case No. 2:25-cv-00181-KKE] - 7                     P.O. BOX 8789, BEN FRANKLIN STATION
                                                          WASHINGTON, D.C. 20044
                                                          (202) 598-6115

this Court "to vacate the ERO and entry ban, restore McKellar's NEXUS membership, and enjoin Defendants from engaging in further retaliatory actions."  Dkt. #1. at p. 2, ¶ 2, *see* Dkt. #1 at p. 19-22 (Prayer for Relief).

On April 21, 2025, CBP vacated the ER order against McKellar.  *See* Exhibit 1.

## STANDARDS OF REVIEW

### I.    Dismissal Under Federal Rule of Civil Procedure 12(b)(1).

Federal courts are courts of limited jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless jurisdiction is affirmatively established.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  *See* Fed. R. Civ. P. 12(b)(1).

A plaintiff invoking the jurisdiction of a federal court bears the burden of establishing that the court has jurisdiction. *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).  While a court must accept as true all of the plaintiff's factual allegations when reviewing a motion to dismiss under Rule 12(b)(1), *see Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), that tenet is inapplicable to legal conclusions, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I.    This Court Lacks Jurisdiction to Review the ER Order Against McKellar.

Plaintiffs purport to base subject matter jurisdiction upon a multitude of statutes: 28 U.S.C. §§ 1331 (federal question), 1361 (mandamus), 5 U.S.C. §§ 702, 706 (Administrative Procedure Act), and the Constitution.  However, jurisdiction does not lie under any of these statutes or the Constitution because other statutes—8 U.S.C. § 1252(a)(2)(A) and (e)((2)— specifically divest

DEFENDANT'S MOTION TO DISMISS COMPLAINT
[Case No. 2:25-cv-00181-KKE] - 8

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 8789, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

1    this Court of jurisdiction over all of Plaintiffs' claims.  *See Thuraissigiam*, 591 U.S. at 108–13

2    (discussing ER); *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1154 (9th Cir. 2022); *Guerrier v.*

3    *Garland*, 18 F.4th 304, 306–13 (9th Cir. 2021).

4        **A.**    **Plaintiffs' claims are moot because CBP vacated McKellar's ER.**

5           Pursuant to Article III of the Constitution, a case or controversy is a requirement in every

6    lawsuit.  *Lance v. Coffman*, 549 U.S. 437, 439 (2007).  The Court recognizes that where

7    developments in a case suggest that the matter is moot, it "ha[s] an obligation to inquire whether

8    a case or controversy . . . continues to exist." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per

9    curiam); *see Del Cid Marroquin v. Lynch*, 823 F.3d 933, 935-36 (9th Cir. 2016).  "For a dispute

10   to remain live without being dismissed as moot, the parties must continue to have a personal stake

11   in the outcome of the lawsuit." *Maldonado v. Lynch*, 786 F.3d 1155, 1160-61 (9th Cir. 2015)

12   (marks and citation omitted).  Moreover, a federal court does not have jurisdiction "to give

13   opinions upon moot questions or abstract propositions, or to declare principles or rules of law

14   which cannot affect the matter in issue in the case before it."  *Church of Scientology of Cal. v.*

15   *United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

16          Here, Plaintiffs specifically asked the Court to declare the ER order unlawful, enjoin

17   Defendants from enforcing the ER, immediately vacate and rescind the five-year entry ban, and

18   award any and all other relief the Court deems just and proper.  *See* Dkt. # 1 at 19-22 (Prayer for

19   Relief).  Because CBP subsequently vacated McKellar's ER, he no longer faces a five-year bar.

20   *See* 8 U.S.C. § 1182(a)(9)(A)(i) (providing that an alien ordered removed under section 1225(b)(1)

21   is inadmissible for five years from the date of removal); *see* Exhibit 1.  Therefore, Plaintiffs'

22   challenge to McKellar's ER order, the resulting five-year ban, and their related challenges to

23   Defendant's actions in effectuating the ER order should be dismissed as moot.  *See Sun v.*

24   DEFENDANT'S MOTION TO DISMISS COMPLAINT             U.S. DEPARTMENT OF JUSTICE
[Case No. 2:25-cv-00181-KKE] - 9                   P.O. BOX 8789, BEN FRANKLIN STATION
                                             WASHINGTON, D.C. 20044
                                                (202) 598-6115

1   *Mayorkas*, No. 2:23-CV-00863-LK, 2024 WL 2846011, at *1 (W.D. Wash. June 5, 2024)

2   (granting Defendant's motion to dismiss where Plaintiff asked for the Court to order USCIS to

3   adjudicate his asylum application and USCIS adjudicated and approved it).

4       **B.    8 U.S.C. § 1252(a)(2)(A) and (e)(2) divest this Court of Jurisdiction.**

5       Even if Plaintiffs' claims remained viable, the Court simply does not have jurisdiction to

6   review them.  As noted above, the sole exception found in 8 U.S.C. § 1252(e) – limited review in

7   habeas proceedings – is not applicable here because Plaintiffs did not assert their claims in a

8   habeas petition nor is McKellar in custody.  *Mendoza-Linares*, 51 F.4th at 1156.  Even in a

9   correctly lodged habeas challenge, the "court's inquiry shall be limited to whether an order in fact

10  was issued and whether it relates to the [plaintiff]," stating the Court may not review "whether the

11  alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5).  Even

12  if some basis for review exists under section 1252(e)(2), "the court may order no remedy or relief

13  other than to require that the [plaintiff] be provided a hearing in accordance with section 1229a of

14  this title."  *Id*. at § 1252(e)(4).

15      Section 1252(a)(2)(A) squarely removes jurisdiction to review issues "relating to section

16  1225(b)(1)," except as "provided in subsection (e)" from federal courts.  *Id*.; *see also*

17  *Thuraissigiam*, 917 F.3d at 1119, rev'd on other grounds, 591 U.S. 103 (2020); *Azimov v. Dep't*

18  *of Homeland Sec.*, No. 22-56034, 2024 WL 687442 (9th Cir. Feb. 20, 2024) (unpublished) (finding

19  § 1252(a)(2)(A) divested the court of jurisdiction to consider petitioner's claim that his [ER] order

20  was invalid because it was issued after the time set forth by regulation); *Martinez-Beata v. Lynch*,

21  621 F. App'x 482 (9th Cir. 2015) ("We also lack statutory jurisdiction to review the validity of

22  that [ER] order."); *Galindo-Romero v. Holder*, 621 F.3d 924, 928, n.4 (9th Cir. 2010), *opinion*

23

24  DEFENDANT'S MOTION TO DISMISS COMPLAINT          U.S. DEPARTMENT OF JUSTICE
    [Case No. 2:25-cv-00181-KKE] - 10               P.O. BOX 8789, BEN FRANKLIN STATION
                                                    WASHINGTON, D.C. 20044
                                                    (202) 598-6115

1 | *amended and superseded on denial of reh'g*, 640 F.3d 873 (9th Cir. 2011) ("to the extent that

2 | Galindo challenges the validity of the [ER] order itself, we lack jurisdiction over such a claim.").

3 | There is no dispute that McKellar is a foreign national.  Nor is there any dispute that he

4 | was ordered removed under 8 U.S.C. § 1225(b)(1).  McKellar does not argue that he is an LPR,

5 | admitted refugee, or has been granted asylum.  In short, Plaintiffs do not raise any permissible

6 | basis for review under 8 U.S.C § 1252(e)(2).  *See Smith v. U.S. CBP*, 785 F. Supp. 2d 962, 965-68

7 | (W.D. Wash. May 11, 2011) (granting Defendant's motion to dismiss where Plaintiff filed habeas

8 | petition seeking review of his ER order).

9 | **C.  The Court does not have jurisdiction under 28 U.S.C. § 1331.**

10 | Plaintiffs assert jurisdiction under 28 U.S.C. § 1331.  *See* ECF 1, ¶ 10. However, section

11 | 1252(a)(2)(A) states on its face that it precludes jurisdiction of review of ER orders of removal,

12 | "[n]otwithstanding *any other provision of law* (statutory or nonstatutory)."  That explicit language

13 | includes jurisdiction under 28 U.S.C. § 1331.  *See Patchak v. Zinke*, 138 S. Ct. 897, 905 (2018)

14 | (holding jurisdiction-stripping provision that "applie[d] '[n]otwithstanding any other provision of

15 | law' include[s] the general grant of federal-question jurisdiction. 28 U.S.C. § 1331").

16 | **D.  The Administrative Procedure Act ("APA") itself does not confer subject matter jurisdiction over this action.**

17 |

18 | The APA does not change the jurisdictional analysis.  The APA is not a jurisdiction-

19 | conferring statute.  *Califano v. Sanders*, 430 U.S. 99, 107 (1977); *Rivas Rosales v. Barr*, No. 20-

20 | CV-00888-EMC, 2020 WL 1505682, at *4 (N.D. Cal. Mar. 30, 2020).  Rather, jurisdiction to hear

21 | APA claims is typically granted under the general federal-question statute, 28 U.S.C. § 1331.

22 | *Califano*, 430 at 107, FN 7.  The APA does not provide a cause of action if (1) "statutes preclude

23 | judicial review," or (2) "agency action is committed to agency discretion by law."  5 U.S.C.

24 |

DEFENDANT'S MOTION TO DISMISS COMPLAINT
[Case No. 2:25-cv-00181-KKE] - 11

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 8789, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

1   § 701(a)(1); *accord Webster v. Doe*, 486 U.S. 592, 599 (1988) ("Section 701(a) . . . limits

2   application of the entire APA to situations in which judicial review is not precluded by statute.").

3   IIRIRA is just such a statute, and accordingly the APA itself disclaims any jurisdiction to hear

4   Plaintiffs' claims under § 706. *See also Block v. Comty. Nutrition Inst.*, 467 U.S. 345, 345 (1984)

5   (observing that APA "confers a general cause of action upon persons 'adversely affected or

6   aggrieved by agency action within the meaning of a relevant statute,'" but "withdraws that cause

7   of action to the extent the relevant statute 'precludes judicial review'") (5 U.S.C. §§ 701(a)(1) &

8   702). Thus, that Plaintiffs might separately have a cause of action under the APA if in fact the

9   Court has jurisdiction is beside the point. The Court first must conclude that it has jurisdiction

10  before addressing the merits of Plaintiffs' APA claims.  As set forth above, the Court does not

11  have jurisdiction.

12         Indeed, courts routinely decline to hear APA and other statutory challenges where

13  jurisdiction is precluded under IIRIRA.  By way of further example, in *Mohit v. DHS*, the district

14  court determined it lacked jurisdiction to hear a challenge to an ER order under the jurisdiction-

15  stripping provisions of sections 1252(a)(2)(A) and 1252(e).  478 F. Supp. 3d 1106, 1110-12 (D.

16  Colo. 2020); *see also Singh v. USCIS*, No. C19-1873JLR-MLP, 2020 WL 3163225, at *2 (W.D.

17  Wash. June 12, 2020).  The petitioner in *Mohit* argued the Court still had jurisdiction to hear his

18  challenge under both the APA and the Declaratory Judgment Act. *Id*. at 1113.  The court rejected

19  that argument, explaining that neither statute provided an "independent basis of jurisdiction," and

20  that the APA expressly disclaimed jurisdiction where another statute precludes judicial review. *Id*.

21  (citing 5 U.S.C. § 701(a)).  The court therefore dismissed those claims for lack of jurisdiction. *Id*.

22

23

24

**E.  28 U.S.C. § 1361 (mandamus) does not confer jurisdiction.**

Plaintiffs also allege that Court has jurisdiction over their claims under 28 U.S.C. § 1361. *See* ECF 1, ¶ 10.  As noted above, section 1252(a)(2)(A) explicitly states that it divests the Court of jurisdiction "[n]otwithstanding any other provision of law (statutory or nonstatutory), including… sections 1361 of such title." *Torre-Flores v. Napolitano*, 567 F. App'x 523 (9th Cir. 2014) (affirming dismissal of APA and Mandamus act claims because Section 1252(a)(2)(A) strips the Court of jurisdiction).  Moreover, the law is clear that the Mandamus statute may provide a remedy only if jurisdiction can be found elsewhere.  *White v. Adm'r of Gen. Serv. Admin.*, 343 F.2d 444 (9th Cir. 1965) (mandamus).

**F.  This Court does not have jurisdiction to hear McKellar's Constitutional Challenges related to his ER proceeding.**

Plaintiffs' Constitutional claims are "as applied" challenges—i.e. Plaintiffs appear to complain that the ER statute, as applied to McKellar, as opposed to as drafted, is unconstitutional because McKellar was denied due process.[2]  *See* Dkt. 1 at p. 14-15, ¶¶ 44-51. Section 1252(a)(2)(A) precludes jurisdiction to "as applied" constitutional challenges regarding ER orders issued under section 1225(b)(1)).  *Guerrier*, 18 F.4th at 306−13 (holding that there is no "colorable constitution claim" exception to the jurisdictional bar); *Rincon,* 539 F.3d at 1139 ("We agree with the Tenth Circuit's explanation of the statutory scheme: § 1252(a)(2)(A) fully preserves the jurisdictional limitations found in § 1252(e).  Section 1252(e) in turn deprives us of jurisdiction to

---

[2]  Plaintiffs' allegations about his interaction with CBP officers at the POE are similarly barred because they "aris[e] from or relat[e] to the implementation or operation of an order of [ER]," 8 U.S.C. § 1252(a)(2)(A)(i) (emphasis added), and are effectively "ask[ing the Court] to nullify the continuing effects of th[ose] order[s]." *Avendano-Ramirez v. Ashcroft*, 365 F.3d 813, 818 (9th Cir. 2004).  Thus, Plaintiffs' attempt to collaterally attack McKellar's ER order by bringing various constitutional, statutory, or administrative claims of error are not permitted.  *See Guerrier*, 18 F.4th at 311.

DEFENDANT'S MOTION TO DISMISS COMPLAINT
[Case No. 2:25-cv-00181-KKE] - 13

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 8789, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

1  review [petitioner's] claim that she was denied due process during the proceedings that resulted in

2  her April 1999 [ER].").[3]

3       Moreover, Plaintiffs have no separate due process rights beyond the process that the ER

4  statute explicitly provides to them.  *Thuraissigiam*, 140 S. Ct. at 1982 ("This Court has long held

5  that an alien seeking initial admission to the United States requests a privilege and has no

6  constitutional rights regarding his application, for the power to admit or exclude aliens is a

7  sovereign prerogative"), quoting *Landon v. Plasencia*, 459 U.S. 21, 32 (1982)).

8  **II.    The Court Lacks Jurisdiction to Review CBP's Revocation of McKellar's NEXUS Card.**

9

10       Finally, this Court lacks jurisdiction to review CBP's decision to revoke McKellar's

11  NEXUS card (Dkt. #1. ¶¶ 1-3, 28), which was a discretionary decision pursuant to its ER

12  proceeding.  *See* 8 C.F.R. 235.12(b)(2) (providing that CBP may deem an individual ineligible for

13  the NEXUS program "at its sole discretion, [if it] determines that the individual presents a potential

14  risk for terrorism, criminality (such as smuggling), or is otherwise not a low-risk traveler"); *see*

15  8 C.F.R. 235.12(b)(2)(v) (a reason for why an applicant may be ineligible include when an

16  applicant is inadmissible).  Federal courts also lack jurisdiction to review discretionary decisions

17  under 8 U.S.C. § 1252(a)(2)(B)(ii).  *See Kucana v. Holder*, 558 U.S. 233, 253 (2010) (Alito, J.,

18  concurring) ("The phrase 'under this subchapter' refers to Subchapter II of Chapter 12 of Title 8,

19

---

20  [3] To the extent Plaintiffs' challenge might be considered a challenge to the ER "regime" rather than an "as-applied" challenge, it would still be subject to dismissal because such constitutional challenges are specifically limited to actions "instituted in the United States District Court for the District of Columbia."  8 U.S.C. § 1252(e)(3)(A); *U.S. v.*
21  *Barragan-Camarillo*, 460 Fed. Appx. 637, 639 (9th Cir. 2011) ("systemic constitutional challenges to the [ER] statute or its implementing regulations are governed by 8 U.S.C. § 1252(e)(3) and may [only] be brought in limited circumstances in the United States District Court for the District of Columbia."); *U.S. v. Barajas–Alvarado*, 655 F.3d
22  1077, 1086 n. 10 (9th Cir.2011) (same); Juan De La *Torre-Flores v. Janet A. Napolitano, et al.*, 567 F. App'x 523 (9th Cir. 2014) (affirming dismissal of plaintiff's constitutional claims, because to the extent such claims challenged the
23  "[ER] regime," they could be brought only in the District of Columbia.)

24  DEFENDANT'S MOTION TO DISMISS COMPLAINT      U.S. DEPARTMENT OF JUSTICE
   [Case No. 2:25-cv-00181-KKE] - 14         P.O. BOX 8789, BEN FRANKLIN STATION
                                                    WASHINGTON, D.C. 20044
                                                       (202) 598-6115

8 U.S.C. §§ 1151–1381... "); *see also Patel v. Garland*, 596 U.S. 328, 340 (2022) (alien cannot

bring fact based challenges to orders denying discretionary based relief).

DEFENDANT'S MOTION TO DISMISS COMPLAINT
[Case No. 2:25-cv-00181-KKE] - 15

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 8789, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

1

**CONCLUSION**

2    For the foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice

3  pursuant to Federal Rule of Civil Procedure 12(b)(1).

4    DATED this 21st day of April, 2025.

5                                        Respectfully submitted,

6                                        YAAKOV M. ROTH
                                         Acting Assistant Attorney General
7                                        Civil Division

8                                        ERNESTO MOLINA
                                         Deputy Director
9                                        Office of Immigration Litigation

10                                       JONATHAN A. ROBBINS
                                         Assistant Director
11                                       Office of Immigration Litigation

12                                       JESI J. CARLSON
                                         Senior Litigation Counsel
13
                                         _s/ Jaclyn E. Shea_____
14                                       JACLYN E. SHEA, MI #72449
                                         Trial Attorney
15                                       U.S. Department of Justice
                                         Civil Division
16                                       Office of Immigration Litigation
                                         P.O. Box 878, Ben Franklin Station
17                                       Washington, D.C. 20044
                                         Phone: 202-598-6115
18                                       Email: jaclyn.e.shea@usdoj.gov

19                                       *Attorneys for Defendants*

20                                       I certify that this memorandum contains 4,620
                                         words, in compliance with the Local Civil Rules.
21

22

23

24  DEFENDANT'S MOTION TO DISMISS COMPLAINT          U.S. DEPARTMENT OF JUSTICE
    [Case No. 2:25-cv-00181-KKE] - 16               P.O. BOX 8789, BEN FRANKLIN STATION
                                                     WASHINGTON, D.C. 20044
                                                     (202) 598-6115

1

**<u>CERTIFICATE OF SERVICE</u>**

2        I hereby certify that I am an employee in the Office of Immigration Litigation, Civil

3   Division, U.S. Department of Justice, and of such age and discretion as to be competent to serve

4   papers.

5        I further certify that on today's date, I electronically filed the foregoing with the Clerk of

6   the Court using the CM/ECF system, which will send notice of such filing to the Defendants, who

7   are CM/ECF participants.

8

         DATED this 21st day of April, 2025.
9

                                    *s/ Jaclyn E. Shea*
10                                   JACLYN E. SHEA
                                    Trial Attorney
11                                   U.S. Department of Justice
                                    Civil Division
12                                   Office of Immigration Litigation
                                    P.O. Box 878, Ben Franklin Station
13                                   Washington, D.C. 20044
                                    Phone: 202-598-6115
14                                   Email: jaclyn.e.shea@usdoj.gov

15

16

17

18

19

20

21

22

23

24   DEFENDANT'S MOTION TO DISMISS COMPLAINT              U.S. DEPARTMENT OF JUSTICE
     [Case No. 2:25-cv-00181-KKE] - 17                   P.O. BOX 8789, BEN FRANKLIN STATION
                                                          WASHINGTON, D.C. 20044
                                                          (202) 598-6115