The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ETEROS TECHNOLOGIES USA, INC.; and AARON MCKELLAR, a citizen of Canada,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, a department of the United States government;<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION, the United States Department of Homeland Security;<br><br>HARMIT S. GILL, Area Port Director, United States Customs and Border Protection for Blaine, Washington.<br><br>Defendants. | Case No. 2:25-cv-00181-KKE<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Noted for Consideration:<br>May 19, 2025 |

Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss argues that this case is not moot and that this Court has jurisdiction to review Plaintiffs' claims. As discussed below, that is simply not the case – nor does Plaintiff Aaron McKellar's ("McKellar") recent attempt to the enter the United States change the analysis. There are no live claims for this Court to review. McKellar is no longer subject to a removal order, he is not currently in removal proceedings pursuant to 8 U.S.C. § 1229a, nor has he sought any kind of waiver of inadmissibility since the

DEFENDANT'S REPLY
[Case No. 2:25-cv-00181-KKE] - 1

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

expedited removal order ("ER") was rescinded. Even if any of those scenarios were present, this Court would still not have jurisdiction to review Plaintiffs' claims or provide the requested relief. As a result, this Court should dismiss Plaintiffs' Complaint in its entirety.

I.   **This Court Does Not Have Jurisdiction to Provide the Relief Plaintiffs Seek.**

The relief sought in Plaintiffs' Complaint focused primarily on the issuance of the Expedited Removal Order ("ER") in October 2024, the related five-year ban to entering the United States, and U.S. Customs and Border Protection's ("CBP") determination that McKellar is inadmissible to the United States. *See* Dkt. 1, pp. 20-22. Those claims are moot, as McKellar is no longer subject to an ER. McKellar is not detained by the United States, and he has no pending immigration-related proceedings.

Plaintiffs are effectively asking this Court to render an advisory opinion as to McKellar's admissibility to the United States at a future border encounter. Not only is that question not ripe for adjudication, but this Court lacks jurisdiction to address it.[1] *See* 8 U.S.C. § 1252(e)(5); *see Vivint, Inc. v. Mayorkas*, 614 F. Supp. 3d 993, 1005 (D. Utah 2022).

A.   **Expedited Removal Order**

In Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. 22), Plaintiffs argue that this case is not moot because the legal issues are "capable of repetition, yet evading review," assert

---

[1] McKellar recently attempted to enter the United States via air. *See* Dkt. 22-1, McKellar Decl. at p. 12 ¶ 17. CBP interviewed him as part of its preclearance operations at Vancouver International Airport and concluded that he was inadmissible. *See* Dkt. 22-1, McKellar Decl. at pp. 12-13 ¶ 17-19; *see* Dkt. 22-1, Exhibit E at p. 73. McKellar decided to withdraw his request for admission. *See* Dkt. 22-1, McKellar Decl. at p. 13 ¶ 20; *see* Dkt. 22-1, Exhibit F at pp. 76-77. That encounter is not part of the Complaint, *see* Dkt 1, or this lawsuit, nor are there any live claims related to that encounter as McKellar withdrew his application for admission and he is not in U.S. custody. *See* Dkt. 22-1, Exhibit F at pp. 76-77.

DEFENDANT'S REPLY
[Case No. 2:25-cv-00181-KKE] - 2

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

that the Government's decision to vacate the expedited removal did not "automatically" moot the case under the "voluntary cessation doctrine," and claim that the harm is ongoing because at a new encounter, CBP concluded that McKellar was inadmissible (on April 29, 2025) when he attempted to board a flight to reenter the United States.[2] *See* Dkt. 22, pp. 10-21.

A dispute qualifies for the exception to the mootness doctrine for a controversy that is capable of repetition, yet evading review "only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez–Gomez*, 584 U.S. 381, 391 (2018) (internal quotation marks and citations omitted); *Qureshi v. Sanders*, 563 F. Supp. 2d 1154, 1157 (C.D. Cal. 2008) (recognizing that "capable of repetition" exception to mootness arises only in "exceptional" situations).[3] Plaintiffs have not demonstrated that either of these exceptions apply to this case – and even if they did, the Court would still lack jurisdiction to review Plaintiffs' claims, as they were unreviewable even if the ER remained in place. *See* Dkt.19, pp. 8-15.

While Defendants cannot make any representations or speculate as to what may occur at any future border encounters involving McKellar (or any individual, for that matter), as they are conducted based on the facts at the time of the encounter, McKellar is currently not subject to an

---

[2] Plaintiffs assertion that McKellar is "banned from travel to the [United States]" is not accurate. *See* Dkt. 22 at p. 13. Each time someone presents themselves for inspection, CBP must make an independent admissibility analysis based on the facts known to the inspecting officer at that time. *See* 8 USC § 1225(a). An applicant for admission's admissibility is subject to change at any time based on his representations to the inspecting officer, his business associations, or criminal history. Such a determination is made by CBP in its discretion at the time admission is being sought.

[3] Plaintiffs only assert arguments as it pertains to the second (repetition) prong.

DEFENDANT'S REPLY
[Case No. 2:25-cv-00181-KKE] - 3

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

ER or an associated five-year ban from entering the United States. Plaintiffs have not demonstrated that any new encounters will "evade review," as there is no way to ascertain what kind of review would be available unless/until new or ripe legal issues arise. Because every encounter is factually distinct, the same factual scenario is unlikely to be repeated because each time an alien presents at the border, they are subject to a new inspection and determination of admissibility at that time. *See* 8 USC § 1225(a).

Defendants also disagree that the "voluntary cessation doctrine" exception applies to counter Plaintiffs' mootness argument. In good faith, Defendants reevaluated McKellar's June 2024 border encounter and decided to rescind the order and the associated five-year ban precluding McKellar's reentry into the United States.[4] As set forth in Defendants' motion to dismiss, this Court would have lacked jurisdiction to review Defendants' claims even if the ER remained. *See* 8 U.S.C.§ 1252(a)(2)(A); 8 U.S.C. § 1252(e)(5).

**B.    McKellar's Admissibility to the United States**

This Court does not have jurisdiction to review any decision regarding McKellar's (or any other Eteros employee's) admissibility to the United States. The Supreme Court has recognized that the admission and exclusion of foreign nationals is a "fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *See Dep't of State v. Munoz*, 602 U.S. 899, 907–08 (2024) (internal citations omitted). In this case, McKellar is currently not subject to a removal order, nor does he have pending removal

---

[4] In taking this action, CBP did not make any concessions about the legality of the ER. In addition, CBP did not restore McKellar's NEXUS border crossing privileges, which remains a discretionary decision made by CBP, and also unreviewable by this Court. *See* Dkt.19, pp. 14-15.

DEFENDANT'S REPLY
[Case No. 2:25-cv-00181-KKE] - 4

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

proceedings. Plaintiffs attempt to preemptively litigate issues that may arise in a future removal proceeding, and this Court lacks jurisdiction to address such claims. *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact ... arising from any action taken or proceeding brought to remove an alien from the United States ... shall be available only in judicial review of a final order [of removal]...."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal...."). Moreover, any declaration by this Court that CBP's inadmissibility finding(s) are unlawful would be an advisory opinion which is Constitutionally prohibited. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095 (9th Cir. 2004); *see also Vivint, Inc.*, 614 F. Supp. 3d at 1005; *but cf., Gill v. Mayorkas*, No. C20-939 MJP, 2021 WL 3367246, at *8-9 (W.D. Wash. Aug. 3, 2021) (refusing to extend consular nonreviewability jurisdictional bar to an inadmissibility determination).

Because Defendants do not believe this is the appropriate forum to address the merits of Plaintiffs' challenge to McKellar's admissibility determination(s) or that this Court has jurisdiction to do so, Defendants do not intend to do so here. However, it is important to point out that Plaintiffs continue to conflate trade law with immigration law. The claims being asserted in Plaintiffs' Complaint relate to McKellar's *admissibility* to the United States, not whether Eteros or McKellar as an employee of Eteros can legally *import* items to states where such importation comports with relevant state laws.[5] Specifically, Plaintiffs continue to reference a *limited* determination made by

---

[5] Plaintiffs also refer to Eteros employee Amanda James and her individual immigration proceedings. *See* Dkt. 22, p. 8. While Ms. James is employed by Eteros, she is not a named party to this lawsuit. Any claims she may have in her individual capacity are not before this Court.

DEFENDANT'S REPLY
[Case No. 2:25-cv-00181-KKE] - 5

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

the Court of International Trade (citing *Eteros Techs. USA, Inc. v. United States*, 592 F. Supp. 3d 1313, 1332 (Ct. Int'l Tr. 2022)) as it relates to their importation of *specific* goods into *specific* states – in that decision, through the Port of Blaine, Washington – with federal immigration law.[6] *See* Dkt. 22, pp. 26-27.  The Court of International Trade did not declare McKellar admissible to the United States, nor does it have any authority to do so; as explained above, only the Executive Branch can make that determination.  *Munoz*, 602 U.S. at 907–08.

C.    **Due Process Claim**

Plaintiffs' due process claim is unsupported, and not viable in this cause of action. Defendants reiterate that Eteros has no constitutionally protected right for its employees to enter the United States – and McKellar similarly does not possess such a right. *Landon v. Plasencia*, 459 U.S. 21, 32 (1982).  Foreign nationals applying for admission at the border thus lack any constitutional due process rights with respect to admission: "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).  "It is not within the province of any court, unless expressly authorized by law, to review [that] determination." *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950).

---

[6] To the extent this Court concludes it has jurisdiction over such claims, Defendants will brief the issue at the appropriate time.

DEFENDANT'S REPLY
[Case No. 2:25-cv-00181-KKE] - 6

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

DATED this 19th day of May, 2025.

            Respectfully submitted,

            YAAKOV M. ROTH
            Acting Assistant Attorney General
            Civil Division

            JONATHAN A. ROBBINS
            Assistant Director
            Office of Immigration Litigation

            JESI J. CARLSON
            Senior Litigation Counsel

            *s/ Jaclyn E. Shea*
            JACLYN E. SHEA, MI #72449
            Trial Attorney
            U.S. Department of Justice
            Civil Division
            Office of Immigration Litigation
            P.O. Box 878, Ben Franklin Station
            Washington, D.C. 20044
            Phone: 202-598-6115
            Email: jaclyn.e.shea@usdoj.gov

            *Attorneys for Defendants*

            I certify that this memorandum contains 1992 words, in compliance with the Local Civil Rules.

DEFENDANT'S REPLY
[Case No. 2:25-cv-00181-KKE] - 7

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee in the Office of Immigration Litigation, Civil Division, U.S. Department of Justice, and of such age and discretion as to be competent to serve papers.

I further certify that on today's date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the Defendants, who are CM/ECF participants.

DATED this 19th day of May, 2025.

*s/ Jaclyn E. Shea*
JACLYN E. SHEA
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-598-6115
Email: jaclyn.e.shea@usdoj.gov

DEFENDANT'S REPLY
[Case No. 2:25-cv-00181-KKE] - 8

U.S. DEPARTMENT OF JUSTICE
P.O. BOX 878, BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
(202) 598-6115