1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ETEROS TECHNOLOGIES USA, INC., et al.,

Plaintiff(s),

v.

UNITED STATES OF AMERICA, et al.,

Defendant(s).

CASE NO. C25-0181-KKE

ORDER GRANTING MOTION TO STAY

On October 24, 2025, Defendants requested a stay of the time to file a reply to Plaintiffs' opposition to its motion to dismiss due to a lapse in appropriations to the Department of Justice. Dkt. No. 48. Defendants further propose that its deadline be extended "by the total number of days of the lapse in appropriations." *Id.* at 2.

"A district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether a stay is appropriate, the Court weighs the "competing interests which will be affected by the granting or refusal to grant a stay[,]" including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

ORDER GRANTING MOTION TO STAY - 1

Because of the lapse in appropriations to the Department of Justice, which represents Defendants in this case, Defendants contend that they cannot adequately prepare their reply to Plaintiffs' opposition to the pending motion to dismiss, which is due on October 29, 2025. Dkt. No. 48 at 2. Although Plaintiffs declined to agree to a stay (*id.* at 1), the Court nonetheless finds that a stay is appropriate due to the prejudice that will result to Defendants if their counsel is unable to meet deadlines during the lapse in appropriations.

The Court GRANTS Defendants' motion to stay the time to file a reply to Plaintiffs' opposition until Congress restores appropriations to the Department. Dkt. No. 48. The Court VACATES the noting date (Dkt. No. 40), and ORDERS Defendants to notify Plaintiffs and the Court within two days of the restoration of appropriations. The Court will lift the stay at that time and set a deadline for Defendant's reply brief, along with any other modifications to the case schedule necessitated by the stay.

Dated this 27th day of October, 2025.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING MOTION TO STAY - 2